Charley Oldham v. The State.

No. 4065.    Decided March 18, 1908.

**Local Option—Charge of Court—Accomplice—Corroboration.**

Upon trial for a violation of the local option law, a charge of the court on the corroboration of accomplice testimony which failed to instruct the jury that they must find accomplice testimony to be true and corroborated by other testimony showing that the defendant was connected with the offense, was insufficient. Following Oates v. State, 50 Texas Crim. Rep., 39.

Appeal from the County Court of Fannin. Tried below before the Hon. H. A. Cunningham.

Appeal from a violation of the local option law; penalty, a fine of $100 and sixty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, Judge.—Appellant was convicted of violating the local option law, and his punishment assessed at a fine of $100 and sixty days confinement in the county jail.

The following is the charge of the court on the question of accomplice: "A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed, and the corroboration of the accomplice is not sufficient if it merely shows the commission of the offense. An accomplice, as the word is here used, means any one connected with the crime committed, either as principal offender, as accomplice, as accessory or otherwise. It includes all persons who are connected with the crime by unlawful act or omission on their part, transpiring either before, at the time, or after the commission of the offense, and whether or not he was present and participated in the commission of the crime. Now, I charge you, that the witness, John Davis, is an accomplice within the meaning of the term as herein used, and that you cannot convict the defendant upon his testimony unless you find that same has been corroborated by other evidence tending to establish that the defendant did in fact commit the offense charged." This charge has been condemned by this court in many cases. See majority opinion of the court in Burrell Oates v. State, 50 Texas Crim. Rep., 39; 16 Texas Ct. Rep., 493.

The charge on accomplice being erroneous, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*